**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAWN-LAMAR JONES**, | ) | CASE NO. 1:22-CV-02155 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE CARMEN E. |
| | ) | HENDERSON |
| **WARDEN KENNETH BLACK**, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE JUDGE'S REPORT** |
| | ) | **AND RECOMMENDATION** |

On November 30, 2022, Petitioner Shawn-Lamar Jones ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1). On May 8, 2024, Magistrate Judge Carmen E. Henderson filed a Report and Recommendation ("R&R") recommending that the Court deny and dismiss the Petition. (ECF No. 11).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's R&R within 14 days after service. The R&R also gave the parties notice of the 14-day time limit for filing objections. (ECF No. 12, PageID# 1342). Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985). The Court **ADOPTS** sections II. (Factual Background), III. (Additional State Procedural History), IV. (Federal Habeas Corpus Petition), and V. (Applicable Law) of the R&R and incorporates those sections as if fully rewritten in this Order.

1

On July 26, 2024, Petitioner filed his objections to the R&R. (ECF No. 14). He objected to a portion of the R&R quoting the decision of the Ohio court of appeals, in which the court of appeals determined, based on Ohio Rev. Code Ann. § 2945.71, that the trial court had not violated Petitioner's speedy-trial right:

> [W]e need not reach the issue whether the triple[-]count provision is applicable to this case[,] [h]owever, because the record reflects that only 55 days of speedy-trial time had expired by the time Jones was brought to trial. Therefore, even if we were to assume without deciding that the triple-count provision applied to this case, only 55 of the 90 days expired by the time trial commenced.

(ECF No. 14, PageID #1381) (quoting *State of Ohio v. Jones*, No. 110081, 2021 WL 4340826, at *4 (Ohio Ct. App. Sept. 23, 2021). Petitioner objects, stating that the court of appeals and Magistrate Judge "erred by not correctly counting the Petitioner's days spent in Cuyahoga County Jail awaiting trial." (*Id.* at PageID #1382) (emphasis omitted).

The Magistrate Judge did not make any factual finding concerning the number of days in which Petitioner was in custody awaiting trial. This is because, as the Magistrate Judge explained, "Ohio's statutory right to a speedy trial is not cognizable in a habeas action." (ECF No. 11, PageID #1368) (quoting *West v. Sloan*, No. 17-3704, 2017 WL 6762418, at *2 (6th Cir. Dec. 4, 2017) (citing *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998))).

Instead, the Magistrate Judge reviewed Petitioner's federal speedy trial claim and concluded that it should be dismissed. (*Id.* at PageID #1370). Petitioner briefly objects to the Magistrate Judge's conclusion that "Petitioner's failure to show prejudice 'is alone sufficient to tip the balance [of the *Barker*[1] factors] in favor of the state court's finding no violation.'" (ECF No. 14, PageID #1387) (quoting ECF No. 11, PageID #1370) (quoting *Brown v. Bobby*, 656 F.3d 325, 337 (6th Cir. 2011)). Petitioner claims that litigants are presumed prejudiced when denied

---

[1] *Barker v. Wingo*, 407 U.S. 514 (1972).

access to relevant records, though he does not cite authority holding as much. (*Id.*). Petitioner also did not argue any correlation between his lack of access to Cuyahoga County Department of Children and Family Services records and the delays in his trial. The Magistrate Judge thus did not err in concluding that Petitioner was not prejudiced by the delays in his trial.[2]

Accordingly, the Court **ADOPTS** Magistrate Judge Grimes's R&R, incorporates it fully herein by reference, and **DENIES** and **DISMISSES** the Petition. The Court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: November 4, 2025

**CHARLES ESQUE FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[2] To the extent that Petitioner challenges the law as stated in *Brown*, the Magistrate Judge did not err in its citation to that case for the proposition that a failure to show prejudice is alone "sufficient to tip the balance in favor of the state courts finding no violation." The more complete quote states:

> Although the length of the delay surpasses the threshold required to present a speedy trial claim and Brown clearly asserted his speedy trial right, it is not clear that the state is more to blame for the delay or that Brown was prejudiced by the delay. Even if one assumes that the state is more to blame, Brown was not blameless and in fact was responsible for a significant portion of the delay. Regardless, Brown has not shown that he suffered any prejudice, in the form of either oppressive incarceration or impairment to his defense, from this over nineteen-month delay, and this alone is sufficient to tip the balance in favor of the state court's finding no violation. We explained in *United States v. Bohn,* 281 F. App'x 430, 437 (6th Cir.2008), that "a finding in the defendant's favor on each of the four *Barker* factors does not necessarily warrant dismissal of the indictment," because "[a] violation of the right to a speedy trial arises [only] when 'the circumstances of the case are such that further delay would endanger the values the right protects.'" *Id.* (quoting *Barker,* 407 U.S. at 522); *see also United States v. Love,* 178 F.3d 1297, 1999 WL 115523, at *6–8 (6th Cir. Feb. 8, 1999) (finding no violation when the first three of the four *Barker* factors weighed in favor of the defendant, but the defendant had not shown any prejudice from the delay). The state court, in short, reasonably applied *Barker* in Brown's case.

*Brown*, 656 F.3d at 337–38. Not only is the quotation accurate, but the citation stands for precisely what the Magistrate Judge recommended here: even though two of the *Barker* factors weighed in Petitioner's favor, the lack of prejudice caused by the delay alone justifies denial of a motion to dismiss based on a violation of one's speedy-trial right.